**NOT FOR PUBLICATION**

FILED

MAY 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES ANTHONY SUMMERS, | No. 11-16479 |
| Petitioner - Appellant, | D.C. No. 3:09-cv-00674-LRH-RAM |
| v. | |
| NEVADA ATTORNEY GENERAL and JAMES BENEDETTI, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted May 12, 2014
San Francisco, California

Before: SILVERMAN and GOULD, Circuit Judges, and LEMELLE, District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Ivan L.R. Lemelle, District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

Nevada state prisoner Charles Summers appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his Nevada murder conviction. We have jurisdiction pursuant to 28 U.S.C. § 2253 and affirm.

The district court did not err in denying claim one, which alleged that counsel was ineffective for failing to investigate or interview witnesses, on the merits. "Conclusory allegations" not supported by "specific facts do not warrant habeas relief." *Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011). Nor did the district court abuse its discretion by not allowing Summers to amend the claim. Amendment would have been futile because Summers cannot allege facts for a claim that has been exhausted in state court. *Caswell v. Calderon*, 363 F.3d 832, 837 (9th Cir. 2004).

We agree that the district court erred in presuming that state court findings are correct pursuant to 28 U.S.C. § 2254(e) without first ordering and reviewing the relevant transcripts for claims three and four. *Dyer v. Wilson*, 446 F.2d 900, 900 (9th Cir. 1971) (per curiam); Rule 5 of the Rules Governing Section 2254 Cases Rules in the United States District Courts. However, the error was harmless. The parties agree that Summer's state appeal brief contained an accurate and complete quote of the relevant voir dire transcript relevant to claim three, the

juror bias claim. The state court's finding that the prospective juror could be fair was not unreasonable.

Furthermore, the district court had the relevant transcript for claim four, ineffective assistance of counsel regarding the counsel's failure to interview the officer. It was attached to the state court habeas petition. The state court did not unreasonably reject the ineffective assistance of counsel claim for lack of prejudice. The lawyer's failure to interview the officer in advance of trial had no bearing on his ability to object to the evidence in question if he had seen fit to do so.

**AFFIRMED.**